**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5389-18T3

HEATHER STANTON, f/k/a
HEATHER SEMBRAT,

      Plaintiff-Respondent,

v.

KEVIN SEMBRAT

      Defendant-Appellant.

_____

          Submitted May 6, 2020 – Decided May 22, 2020

          Before Judges Koblitz, Whipple and Mawla.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hunterdon County, Docket No. FM-10-0323-13.

          Kevin Sembrat, appellant pro se.

          Respondent has not filed a brief.

PER CURIAM

      Defendant Kevin Sembrat appeals from the provisions of a July 1, 2019

order denying his request to compel plaintiff Heather Stanton to reimburse him

"$3800 that was automatically withheld and applied to his arrears" and setting the emancipation date of the youngest child in July rather than October 2021. We remand for an order correcting the emancipation date. According due deference to the Family Part, we affirm the monetary provision, thereby allowing the trial court to fashion an appropriate equitable remedy.

The parties were married in 1995, had three children and were divorced in 2014. On April 13, 2018, the parties entered into an agreement, which was recorded by court order, that in part provided that "[d]efendant's arrears payback shall be set at $0, to be revisited upon [the youngest child's] emancipation." Nonetheless, the Hunterdon County Probation Child Support Enforcement Unit intercepted a Worker's Compensation settlement owed to defendant and sent $3800 to plaintiff, thereby reducing the more than $25,000 in arrears due prior to the April 2018 order.

Defendant sought reimbursement from plaintiff. He offered to stop paying $135 child support weekly until the $3800 was paid off. Plaintiff told the court she had spent the unexpected funds on necessities, had no funds to repay defendant and needed the weekly child support. The court did not grant defendant relief.

A-5389-18T3

Defendant argues that generally a family contract should be vigorously enforced by the court. When reviewing an agreement resolving a matrimonial dispute, however, we are to "consider what is 'written in the context of the circumstances' at the time of drafting and to apply 'a rational meaning in keeping with the expressed general purpose.'" Wyotas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 512 (2019) (quoting Sachau v. Sachau, 206 N.J. 1, 5-6 (2011)). "When the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result." Quinn v. Quinn, 225 N.J. 34, 45 (2016). "At the same time, '[t]he law grants particular leniency to agreements made in the domestic arena,' thus allowing 'judges greater discretion when interpreting such agreements.'" Sachau, 206 N.J. at 5 (alteration in original) (quoting Guglielmo v. Guglielmo, 253 N.J. Super. 531, 542 (App. Div. 1992)).

We defer in great measure to the Family Part, which has the parties before it and can assess the appropriate remedy through an experienced and equitable lens. "[M]atrimonial courts possess special expertise in the field of domestic relations." Cesare v. Cesare, 154 N.J. 394, 412 (1998). "[A]n appellate court should not disturb the 'factual findings and legal conclusions of the trial judge unless [it is] convinced that they are so manifestly unsupported by or

inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (second alteration in original) (quoting Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)).

Plaintiff did nothing to cause the $3800 intercept. The money was put in her bank account and she spent it. It was within the court's equitable powers to allow the issue of her possible reimbursement of the money to abide the emancipation of the youngest child, especially in light of the large outstanding arrearages accumulated by defendant prior to the April 2018 order.

We accept defendant's position that the court mistakenly placed an incorrect date of emancipation for the youngest child in the order. We remand for the three-month correction.

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5389-18T3